(52 Misc. Rep. 569)

## SNITTEN v. BROWN et al.

(Supreme Court, Appellate Term. February 11, 1907.)

NEGLIGENCE—OWNERSHIP OF PROPERTY—EVIDENCE.

In an action for injury to plaintiff's boy by the fall of a beam from a lumber pile in front of premises adjoining those on which defendants were building, plaintiff may show what defendants did with the lumber in such pile, as tending to establish their ownership thereof.

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Louis C. Snitten against John Brown and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Lamb & Petty, for appellant.

Nadal, Carrere & Jones, for respondents.

PER CURIAM. The plaintiff appeals from a judgment dismissing his complaint at the close of his case. He sued for alleged injuries to his son, aged 12 years, who was playing in the street near his home. The defendants Brown and Lapin were building on East 145th street, west of St. Ann's avenue, and the other defendants were dealers in lumber and furnishing same to the defendants Brown and Lapin. The complaint was dismissed as to all of the defendants, but this appeal is taken only as to the defendants Brown and Lapin.

The boy broke his leg by the fall of a beam extending from a pile in the street near the sidewalk, and this pile was in front of No. 816 East 145th street and some distance away from the defendants' buildings. The plaintiff's proof showed that the lumber piles reached along from the defendants' property to No. 816 East 145th street. The defendants claimed that there was no proof that the lumber belonged to them. The accident occurred in the evening of January 26, 1906, and there was proof that there was no lights on the lumber. The complaint was dismissed, on the ground that there was no proof of any negligence on the part of the defendants Brown and Lapin. It was material for the plaintiff to prove the ownership of the lumber by which the boy was injured. The defendant Brown was called as a witness by the plaintiff, and, after telling that the night watchman had pointed out to him the lumber in dispute, he was asked:

"Q. Now what did you do with that lumber that the watchman pointed out to you, which he said was where the accident happened? (Objected to as immaterial, irrelevant, and incompetent.)"

The plaintiff's attorney stated that he wished to show that the defendant used it, and thus prove ownership. The question was, however, excluded, and the plaintiff excepted. The question should have been allowed. Had the defendant answered to the effect that the lum-

102 N.Y.S.—37

ber was used in constructing the buildings, it would have been some evidence tending to establish ownership.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J., dissents.